**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DAVID VERCUSKY, | : | Civil No. 3:15-cv-2461 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| WARDEN PURDUE, | : | |
| Defendant | : | |

# MEMORANDUM

## I. Background

Plaintiff John Vercusky ("Plaintiff"), an inmate formerly housed at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania (FCI-Schuylkill")[1], commenced this *Bivens*[2], 28 U.S.C. § 1331, civil rights action on December 17, 2015. (Doc. 1). The sole named Defendant is Warden Perdue.[3] (*Id.*). Plaintiff alleges that Warden Perdue failed to install ladders for the upper bunks in the Special Housing Unit ("SHU") at FCI-Schuylkill, which caused him to fall and sustain an injury. (*Id.* at p. 3).

Presently pending before the Court is Defendant's motion to dismiss pursuant to

---

1 Plaintiff is currently confined at the Lackawanna County Prison, in Scranton, Pennsylvania. *See* (Doc. 19).

2 *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

3 Incorrectly identified in the complaint as Warden "Purdue."

Federal Rule of Civil Procedure 12(b), or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 14). For the following reasons, the motion to dismiss will be granted.

## II. **Motion to Dismiss Standard of Review**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Allegations of the Complaint

Plaintiff alleges that, on November 4, 2015, he fell and sustained an injury when he was climbing into the upper bunk in his cell. (Doc. 1, pp. 2-3). Plaintiff claims that he received minor abrasions on his knee and elbow as a result of the fall, and endured minor pain. (*Id.* at p. 3). Plaintiff alleges that Defendant Perdue "neglect[ed]" to install ladders for access to the top bunks in the SHU. (*Id.*). Lastly, Plaintiff states that his injury was documented by medical staff after he submitted a sick call form. (*Id.*).

For relief, Plaintiff requests the installation of ladders in every cell at FCI-Schuylkill, as well as an unspecified amount of punitive or compensatory damages. (*Id.* at p. 5).

## IV. Discussion

Defendant argues that the Court should dismiss Plaintiff's complaint and/or grant summary judgment to Warden Perdue because: (1) Plaintiff failed to state a constitutional claim; (2) Plaintiff failed to properly exhaust administrative remedies; and (3) Warden Perdue lacks personal involvement in the alleged constitutional violation and *respondeat superior* cannot form the basis of a *Bivens* action. (Doc. 1, pp. 7-16). The Court concludes that the "deliberate indifference" described throughout Plaintiff's complaint simply does not rise to the level of a cognizable constitutional violation, and will dismiss the complaint on that ground.

Plaintiff alleges that Defendant Perdue "neglect[ed]" to install ladders for inmates to

access the top bunks in the SHU at FCI-Schuylkill. (Doc. 1, p. 3). As a result, Plaintiff claims that he fell when attempting to climb to his top bunk, and sustained "minor" abrasions on his knee and elbow. (*Id.*). The Eighth Amendment protects prison inmates from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Young*, 960 F.2d at 359-60. Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834; *see also Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. *Farmer*, 511 U.S. at 834. However, only "extreme deprivations" are sufficient to present a claim for unconstitutional conditions of confinement. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Fuentes v. Wagner*, 206 F.3d 335, 344-45 (3d Cir. 2000). Mere negligence or inadvertence will not satisfy the deliberate indifference standard and

cannot constitute a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Young*, 950 F.2d at 359-61.

In *Franco-Calzada v. United States*, 375 F. App'x 217 (3d Cir. 2010) (per curiam), the inmate appealed the District Court's dismissal of his *Bivens* claim, wherein he alleged that the ladder attached to his bunk was faulty, and caused him to fall and sustain injuries. The Third Circuit dismissed the inmate's appeal as frivolous, finding that the inmate's allegations did not establish that the defendants were deliberately indifferent to his serious medical needs or to prison conditions pertaining to the use of an allegedly unsafe ladder in his cell. *Id.* at p. 220. The Court stated, *inter alia*, that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

Additionally, this Court has recently concluded that "the failure to provide a ladder [in a prison cell] does not amount to a constitutional violation" that would establish a cause of action. *Agostini v. Lowe*, 2015 WL 4639556, at *7 (M.D. Pa. 2015) (citing *Williams v. Corizon*, 2013 WL 4787223, at *15 (E.D. Pa. 2013) (finding no constitutional violation for a failure to provide ladders in all bunk beds, as such an omission would be mere negligence and not a constitutional violation); *Pumphrey v. Smith*, 2010 WL 4983675, at *4 (W.D. Pa. 2010) ("the lack of a ladder in a prison cell is not a deprivation that reduces Plaintiff's living below 'the minimal civilized measure required.' Plaintiff could crawl into the bunk or utilize a

chair and still not be deprived of the minimal necessities of life.")).

This Court similarly concludes that Plaintiff's allegation that the prison Warden failed to install ladders for access to the top bunks in the SHU at FCI-Schuylkill does not amount to a cognizable constitutional violation. Moreover, Plaintiff's allegation that he sustained "minor" abrasions on his knee and elbow, and endured "minor" pain, simply does not demonstrate that he was incarcerated under conditions that posed a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Plaintiff has failed to allege facts sufficient for the Court to conclude that his Eighth Amendment claim should proceed because he has failed to allege: (1) that the deprivation alleged was objectively, sufficiently serious; and (2) that the Defendant acted with deliberate indifference to an excessive risk to his health and/or safety as required by *Farmer*. Consequently, the complaint will be dismissed.

## V.     Leave to Amend

When a complaint fails to present a *prima facie* case of liability, courts should generally grant leave to amend before dismissing a complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal

amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). In the matter *sub judice*, the Court concludes that Plaintiff is unable to cure the deficiencies of the complaint, and affording him leave to amend would be futile.

## VI. Conclusion

Based on the foregoing, Defendant's motion to dismiss will be granted. An appropriate Order shall issue.

Date: December 16, 2016

Robert D. Mariani
United States District Judge